IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

| | |
|---|---|
| LAURA MERROW,<br><br>   *Plaintiff*,<br><br>v.<br><br>CAPSTAR BANK,<br><br>   *Defendant*. | Case No. 3:10-cv-00794<br>Judge John T. Nixon<br>Magistrate Judge Juliet Griffin |

## INITIAL CASE MANAGEMENT ORDER

Pursuant to Local Rule 11(d), the parties submit this Initial Case Management Order.

**1. Jurisdiction.**

Plaintiff Laura Merrow brought this suit under the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. § 201 *et seq*. The case raises a question of federal law, giving the Court subject matter jurisdiction under 28 U.S.C. § 1331. Plaintiff also invokes the Court's jurisdiction pursuant to 29 U.S.C. § 216(b), which gives the Court jurisdiction to hear claims arising under the FLSA.

The parties do not dispute the Court's jurisdiction over this matter nor the propriety of venue in this Court. Defendant has received service of process.

1

2.  **The Parties' Theories of the Case.**

    A)  **Plaintiff's Theory of the Case**

    Plaintiff brought this action against Defendant CapStar Bank (referred to herein as "CapStar") to challenge its failure to pay her overtime pay in accordance with the Fair Labor Standards Act ("FLSA").

    Plaintiff worked for CapStar as an Accountant II. In this position, Plaintiff was required to work well over forty (40) hours per week, but was not paid overtime. Instead, Plaintiff was paid a salary. CapStar has asserted that Plaintiff was exempt from the provision of the FLSA and, therefore, not entitled to overtime. Plaintiff intends to prove to this Court that, as a matter of law, she was not subject to any of the exemptions of the FLSA.

    B)  **Defendant's Theory of the Case**

    Plaintiff was properly classified as exempt under the FLSA and therefore was not entitled to overtime. Plaintiff was a bona fide administrative employee whose primary duty included the exercise of discretion and independent judgment with respect to matters of significance. While she was working for Capstar, Plaintiff never claimed that she was improperly classified or that she was entitled to overtime. Additionally, Plaintiff was not required to work, and did not work, more than forty hours a week.

3.  **Initial Disclosures and Staging of Discovery.**

    A)  **Pre-Discovery Disclosures**.

    The deadline to exchange the information specified by Fed. R. Civ. P. 26(a)(1) is November 10, 2010.

2

B) **The Parties' Discovery Plan.**

The parties agree that Plaintiff may serve up to thirty (30) interrogatories on Defendant and Defendant may serve up to thirty (30) interrogatories on Plaintiff. Plaintiff shall disclose any experts to Defendant by January 31, 2011. Defendant shall disclose any experts to Plaintiff by March 2, 2011. These expert depositions shall be completed by April 1, 2011.

All written discovery shall be completed by May 31, 2011. Depositions shall be completed by June 30, 2011.

Prior to the filing of any discovery-related motion, the parties will schedule and conduct a telephone conference with the Magistrate Judge. Discovery is not stayed during the pendency of discovery motions, unless ordered by the Court.

4. **Joinder and Amendments.**

Plaintiff shall be allowed until January 7, 2011, to join additional parties and/or move for amendments to the pleadings. Defendant will be allowed until January 21, 2011 to join additional parties and/or move for any amendments to the pleadings.

5. **Dispositive Motions.**

Dispositive motions shall be filed on or before July 29, 2011. Responses to dispositive motions shall be filed within twenty-one (21) days after service of the motion. Replies to responses shall be filed within fourteen (14) days after the filing of the response.

6. **Alternative Dispute Resolution.**

The parties have discussed the possibility of resolving this case. The parties are in the beginning stages of initiating settlement discussions. At this time, the parties intend to engage in informal settlement discussions. However, the parties may request that this Magistrate Judge serve as a formal mediator of this matter.

3

7. **Estimated Trial Time.**

The parties estimate that trial of this matter will last approximately one to two days.

**IT IS SO ORDERED.**

_____          _____
DATED                              JULIET E. GRIFFIN
                                   United States Magistrate Judge

APPROVED FOR ENTRY:                DATED: September 29, 2010

/s/ David W. Garrison
David W. Garrison BPR #024968
BARRETT JOHNSTON, LLC
217 Second Avenue North
Nashville, TN 37201
Phone: (615) 244-2202
dgarrison@barrettjohnston.com

*Attorney for Plaintiff*

/s/ Martha L. Boyd
Matthew C. Lonergan BPR # 10798
Martha L. Boyd BPR # 22029
BRADLEY ARANT BOULT CUMMINGS, LLP
1600 Division Street, Suite 700
P.O. Box 340025
Nashville, Tennessee 37203
Phone: (615) 244-2582
mboyd@babc.com

*Attorneys for Defendant*

4